Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| WANDA L. OJEDA SANTANA PETICIONARIA<br><br>V.<br><br>MERY ANCI PRADO, ALEXIS PACHECO RECURRIDO | TA2025CE00488 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo<br><br>Caso Núm. Q2024-49<br><br>Sobre: Ley 140 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Comparece Wanda I. Ojeda Santana (en adelante la peticionaria) mediante un recurso de *Certiorari* presentado el 22 de septiembre de 2025 y nos solicita que revisemos la resolución emitida por el Tribunal de Primera Instancia, Sala Municipal de Cabo Rojo (en adelante el TPI) del 20 de agosto de 2025 y notificada el 21 de agosto de 2025. En el referido dictamen, el TPI declaró no ha lugar la Moción de reconsideración presentada por la parte peticionaria en torno a la *Resolución y Orden* del 12 de mayo de 2025, reducida a escrito el 23 de julio de 2025.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso.

I

La génesis de los hechos de este caso se da por una Querella bajo la Ley 140 del 23 de julio de 1974, sobre Controversias y Estados Provisionales de Derecho instada por la peticionaria en contra de Mery Anci Prado y Alexis Pacheco (en adelante la parte querellada o recurrida) con el número Q2024-49. El 4 de junio de

2024 el TPI emitió su dictamen sobre *Estado Provisional de Derecho* el cual tendría una vigencia de un año, es decir, del 20 de mayo de 2024 al 20 de mayo de 2025.

El 24 de julio de 2024 la parte peticionaria presentó una *Moción por derecho propio* en la que informó que los recurridos no habían cumplido con lo ordenado por el TPI.

Celebrada una vista el 11 de octubre de 2024, el TPI impuso una sanción a la parte recurrida por el incumplimiento con la Resolución sobre Estado Provisional de Derecho.  Igualmente, no dispuso nada sobre la solicitud de desacato, toda vez que la parte peticionaria no presentó evidencia testimonial o física que demostrara que, en efecto, la parte recurrida desacató la orden del Tribunal.

El 4 de abril de 2025 la parte peticionaria presentó nuevamente una *Moción Solicitando Remedio y Desacato*.  Expuso en su escrito que la parte recurrida nunca acató lo ordenado por el Tribunal.  Alegó que las cámaras de seguridad instaladas en la propiedad de los recurridos que recogen audios continuaban instaladas. Por otro lado, la parte recurrida presentó una *Moción solicitando desestimación por doble falta de jurisdicción*.

El TPI celebró una vista el 12 de mayo de 2025 y el 23 de julio de 2025 emitió una *Resolución y Orden*.  En su dictamen, el TPI declaró no ha lugar la *Moción Solicitando Remedio y Desacato* y en cuanto a la *Moción solicitando desestimación por doble falta de jurisdicción*, declaró no ha lugar el primer planteamiento de la parte recurrida y ha lugar el segundo planteamiento, por lo cual ese foro no tenía jurisdicción.

En desacuerdo, el 1 de agosto de 2025, la parte peticionaria presentó una *Moción de Reconsideración,* la cual fue declarada No ha lugar por el TPI, mediante su *Resolución* del 20 de agosto de 2025, notificada el 21 de agosto de 2025.

Inconforme con ello, la parte peticionaria comparece ante nos y plantea lo siguiente:

Primer error: Erró el tribunal de primera instancia al declararse sin jurisdicción y archivar el caso, privando a la recurrente de su derecho a presentar prueba en la vista del 12 de mayo de 2025 para demostrar el incumplimiento de la orden del 20 de mayo de 2024 (remoción/prohibición de cámaras con capacidad de recoger audio), negándose a vindicar su propio mandato bajo la ley 140; ello constituye violación al debido proceso, error craso y exceso de discreción.

Segundo error: Erró el foro a quo al interpretar que carecía de jurisdicción para conocer del incumplimiento de su orden provisional, cuando la ley 140 faculta la vindicación y el desacato civil en estos supuestos; al impedir la prueba y rehusar ejecutar su orden, vació de eficacia el remedio sumario de la ley, configurando error craso revisable por *certiorari*.

Tercer error: Erró el tribunal al resolver no ha lugar la moción de remedio/desacato sin entrar al fondo por una supuesta falta de jurisdicción, pese a que la controversia se limitaba a acreditar el incumplimiento de una orden vigente.

II

A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR

79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

B. *La doctrina de academicidad*

Es norma reiterada que, los tribunales pueden evaluar únicamente aquellos casos que son justiciables. En su consecuencia, solamente debemos intervenir en controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011).

El principio de justiciabilidad exige que los tribunales se expresen sobre "controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *Noriega v. Hernández Colón*, 135 DPR 406, 421 (1994) (citando a ELA v. Aguayo, 80 DPR 552, 558-559 (1958)). Por ello, debe existir una controversia definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés antagónico. Íd.

Como es sabido, la doctrina de academicidad es un corolario del principio de justiciabilidad, pues un caso académico no es justiciable. La razón para ello es que, al emitirse el fallo o sentencia sobre el asunto, este no tendrá efecto práctico sobre las partes. *ELA v. Aguayo, supra*, pág. 584. Un caso se torna académico cuando el transcurso del tiempo o el cambio en los hechos desde el momento en que se originó el caso tornan en ficticia la solución de la controversia entre las partes. *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). Por consiguiente, la doctrina de academicidad requiere que exista una controversia genuina entre las partes durante todas las etapas de un procedimiento

adversativo; incluyendo la etapa de apelación o revisión. *Noriega v. Hernández Colón, supra,* pág. 437.

c. *Jurisdicción*

Es sabido, que la jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950,958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom,* 190 DPR 652 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra*, pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

D. *Ley sobre Controversias y Estados Provisionales de Derecho*

La Ley Núm. 140 de 23 de julio de 1974, según enmendada, mejor conocida como la *Ley sobre Controversias y Estados Provisionales de Derecho* fue promulgada para establecer un procedimiento rápido, económico y eficiente para la adjudicación provisional de controversia para los Jueces Municipales.

En lo pertinente, el Artículo 5 de la precitada ley, 32 L.P.R.A. sec. 2875, establece que [u]na orden resolviendo una controversia y fijando un estado provisional de derecho, según esta ley, será inapelable, pero no constituirá cosa juzgada respecto a ninguno de

los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho".

*E. Desacato*

El desacato es un procedimiento único que exige la inmediata intervención del juez o de la jueza y cuyo objetivo es vindicar la autoridad y dignidad del tribunal. *Pueblo v. Torres*, 56 D.P.R. 605, 623 (1939). Cónsono con el mencionado propósito, cualquier acto o conducta que tienda a impedir u obstruir la administración de la justicia por un tribunal o que menoscabe la autoridad o dignidad de éste será considerado desacato. *In re Velázquez Hernandez*, 162 DPR 316, 326 (2004); S.P. Amadeo, El poder de los tribunales en Puerto Rico para castigar por desacato, Madrid, Ed. Rev. Der. Privado, 1961, pág. 5.

Los actos constitutivos de desacato pueden ser directos o indirectos. Son directos cuando la acción u omisión lesiva a la adecuada administración de la justicia se comete en presencia del tribunal, mientras que es indirecto cuando dicha acción u omisión ocurra a distancia del tribunal y fuera de su inmediata presencia. *In re Velázquez Hernandez, supra*, pág. 326-327; *In re Cruz Aponte, supra.* Por su parte el desacato directo, es aquel que se comete en presencia del tribunal puede ser civil o criminal.

Resulta preciso indicar que son múltiples las fuentes de la facultad para castigar por desacato. Las reglas 40.10, la 23.1, la 34.3, 36.7, 56.8 de Procedimiento Civil, 32 LPRA Ap. V, viabilizan el desacato civil. De otra parte, el Art. 279 del Código Penal, 33 LPRA sec. 5372. también penaliza dicha conducta. La Propia Ley sobre Controversias y Estados Provisionales de Derecho," Ley 140 de 23 de julio de 1974, según enmendada, dispone que toda persona que violare voluntariamente alguno de los términos de la resolución fijando un estado provisional de derecho, según esta Ley, incurrirá en desacato civil sujeto a pena de cárcel máxima de seis (6) meses,

o multa no mayor de quinientos (500) dólares, o ambas penas, a discreción del tribunal competente. 32 LPRA sec. 2874.

III.

Como expresamos anteriormente, en el recurso ante nuestra consideración la parte peticionaria recurre de la determinación emitida el 22 de agosto de 2025, dictada el 21 de agosto de 2025, mediante la cual denegó una solicitud de reconsideración.

Según la parte peticionaria, no se recurre de la Resolución del 20 de mayo de 2024, reducida a escrito el 4 de junio de 2024 estableciendo el estado de derecho provisional, sino de la denegatoria a la solicitud de desacato y su determinación de falta de jurisdicción.

Este foro no tiene jurisdicción para revisar la Orden dictada conforme el proceso de la Ley 140, *supra.* Esto, porque una orden resolviendo una controversia y fijando un estado provisional de derecho, según esta ley, será inapelable. 32 LPRA sec. 2875. No obstante, al momento en que se planteó la controversia ante el juez municipal este ostentaba jurisdicción, de igual manera la ley le facultaba a imponer un desacato civil, si en efecto se mostraba que se había violado la misma intencionalmente. 32 LPRA se. 2875. No podemos pasar por alto que la Ley 140, *supra,* persigue romper con las cadenas y fórmulas tradicionales, haciendo accesible al pueblo de Puerto Rico el sistema de justicia en la forma y manera más directa y eficiente compatible con, los principios básicos contenidos en la Constitución del Estado Libre Asociado de Puerto Rico y establecer un trámite que supere la lentitud y complicaciones que caracterizan los problemas de tipo técnico evidenciarlos y los gastos y costos que ello conlleva. Si prescindimos de la autoridad del desacato como fuerza propia, inherente la autoridad del tribunal para hacer cumplir sus órdenes la Ley 140 será letra muerta.

Ahora bien, la Resolución del 20 de mayo de 2024 establecía que el estado provisional de derecho tendría una vigencia de un (1) año. Esto es, del 20 de mayo de 2024 al 20 de mayo de 2025. El 4 de abril de 2025, la parte peticionaria presentó una solicitud de remedio y desacato y el 9 de mayo de 2025, la parte querellada radicó una solicitud de desestimación por doble falta de jurisdicción.

El foro primario celebró una vista el 12 de mayo de 2025 y luego de discutidas las mociones, declaró *No Ha Lugar* la solicitud de remedios y desacato. Asimismo, el tribunal declaró *Ha Lugar* la solicitud de desestimación presentada por el querellado bajo el fundamento de falta de jurisdicción. Subsiguientemente, denegó una solicitud de reconsideración presentada en corte abierta por la parte peticionaria y ordenó el archivo del caso.

La decisión recurrida por la parte peticionaria tiene su génesis en una determinación emitida bajo la Ley 140, *supra.* La parte peticionaria arguyó que el foro primario error al no celebrar una vista de desacato ante la alegación de incumplimiento de la parte recurrida a la Orden sobre Remedios Provisionales. Asimismo, sostuvo que erró el foro primario al declararse sin jurisdicción para atender los planteamientos de la parte peticionaria por concluir que constituían una reconsideración a la determinación emitida en la vista del 11 de octubre de 2024.

Luego de escuchada la regrabación de la vista del 12 de mayo de 2025, concluimos que el TPI erró en no celebrar una vista de desacato para que la parte peticionaria presentara la prueba sobre el alegado incumplimiento de la parte recurrida a la Orden sobre Remedios Provisionales del 4 de junio de 2024. Para la fecha en que se celebró la vista, la Orden estaba vigente y el tribunal tenía facultad para dilucidar las alegaciones de la parte peticionaria sobre que el peticionario no cumplió con dejar de utilizar cámaras de seguridad aledañas a la propiedad de esta que recogieran audio. La

solicitud de desacato de la parte peticionaria no constituía una solicitud de reconsideración de la determinación emitida por el tribunal el 11 de octubre de 2024. Según expuso la parte peticionaria, dicha parte contaba con evidencia para establecer el incumplimiento del recurrido con la orden sobre remedios provisionales; evidencia que no tenía en la vista anterior. Ante ello, procedía la celebración de una vista evidencia para atender la solicitud de desacato.

Sin embargo, el estado provisional de derecho tenía una vigencia hasta el 20 de mayo de 2025. En su consecuencia, en estos momentos no existe una orden vigente sobre derechos provisionales y cualquier alegado incumplimiento, se tornó en académico. Según dispone la Ley 140, *supra,* los remedios que puede proveer el tribunal son de carácter provisional, y no impide la radicación de otro trámite legal reclamando daños y perjuicios o algún otro remedio en ley, que sea de carácter permanente.

IV.

Por los fundamentos antes esbozados, procedemos a desestimar el recurso por academicidad.


Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones